Spalding, J.
The defendant stood indicted, in' two several indictments, for murder in the first degree, both of which were tried at the last term of the supreme court for Hamilton county.
In both cases, the jury were unable to agree upon a verdict, and were consequently discharged by the court; whereupon a motion was made to admit the prisoner to bail, upon the ground, that the disagreement of the jury rebutted the fact that “ the proof was evident, or the presumption great,” of his guilt, and entitled him to his liberty “by sufficient sureties.”
This motion was reserved for the consideration of all the judges.
As the question is now submitted- to this court, we feel bound to refuse the motion. It is by no means addressed to our legal discretion upon the insufficiency of the evidence *140 adduced in support of the charge, but sets up a claim to be let to bail, predicated solely upon the disagreement of the jury.
The constitution of Ohio, in article 8, section 12, provides, “ That all persons shall be bailable by sufficient sureties unless for capital offenses, where the proof is evident, or the presumption great."
The inquiry naturally springs up, “ Who is to decide whether the proof be evident, or the presumption great ?” Most undoubtedly the same authority which prescribes the amount of bail, and passes upon the sufficiency of the sureties; the judges of the court who exercise this same power in all analogous cases known to our laws.
The fact that the testimony given on the trial, did not produce full conviction of guilt in the minds of the twelve jurors, would be a strong circumstance -to urge to the court when invoked to the exercise of so high a discretion as that of admitting to bail a prisoner charged with the crime of murder; this fact would come.with redoubled force, if, as in the present instance, a second jury should fail to agree upon a verdict, with the same evidence applied to another indictment for the same offense.
But, however numerous such results, they could never amount to a rebuttal of the fact that “ the proof was evident or the presumption great.” In other words, they would never amount to a constitutional requisition upon the judges to admit the prisoners to bail. The appeal must still be addressed to the discretion of the court; a sound legal discretion it is true, but one that can only be moulded into action by the evidence brought to bear upon the indictment.
Other influences often tend to produce the disagreement of the jury.
One obstinate or corrupt juror, in a body of twelve, will be more commonly successful in preventing a verdict, than insufficient testimony. Where the evidence fails fully to satisfy the mind of the guilt of the prisoner, especially in a capital case, the jury are apt to render a verdict of acquittal.
N. C. Read, for the prisoner.
Henry Stanbery, (attorney general,) for the state.
If perverseness or corruption be at work in the jury-box, a disagreement ensues as the inevitable consequence.
It is said in the case of the “ Commonwealth v. Keeper of the Prison," 2 Ashmead 227, that “ A safe rule, where a malicious homicide is charged, is, to refuse bail in all eases, where a judge would sustain a capital conviction, if pronounced by a jury, on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail; and, in instances where the evidence for the commonwealth is of less efficacy, to admit to bail.”
So with us in Ohio, if the evidence exhibited on the hearing of the application to admit to bail, be of so weak a character that it would not sustain a verdict of guilty, against a motion for a .new trial, the court will feel it their duty, under the constitution, to adjudge the prisoner “ bailable by sufficient sureties.”
If, however, instead of a disagreement, the first jury had acquitted the prisoner, he would then have been let to bail upon the second indictment, upon the ground that the acquittal afforded such a presumption of his innocence of the identical charge, reiterated in the.second indictment, as to warrant the court in taking his recognizance. Green's Case, 2 Leigh 677.

Tfie motion will be overruled.